**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASKIA SANKOFA ASHANTI, | No. 2:21-CV-0516-DMC-P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this civil action. Petitioner initiated this action with a pleading captioned "Petition for Writ of Mandamus (28 U.S.C. § 1651)." See ECF No. 1. Since filing his original pleading, Petitioner has separately filed two pleadings captioned "Supplemental Petition" and both citing 28 U.S.C. § 1651, 28 U.S.C. § 2254, and 42 U.S.C. § 1983. See ECF Nos. 6 and 7.

Under Eastern District of California Local Rule 220, pleadings must be complete in and of themselves without the need to reference prior pleadings. On the current record, it is entirely unclear which pleading Petitioner intends to be the operative pleading, or what relief Petitioner seeks. Petitioner will be required to file a single operative pleading which states all claims for relief and supporting facts.

/ / /

/ / /

1

In filing an amended pleading, Petitioner should bear in mind the following general principles. First, to the extent Petitioner asserts claims under 28 U.S.C. § 2254 and 42 U.S.C. § 1983, he may not do so in the same action. When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983"). Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

Second, to the extent Petitioner seeks mandamus relief, this Court's mandamus jurisdiction is limited to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

///

Finally, a review of the docket reflects that the fee status for this action remains unresolved in that Petitioner has neither paid an appropriate filing fee or sought leave to proceed in forma pauperis. Upon the filing of an amended pleading describing the nature of the relief sought, the Court will issue an order directing that the fee status be resolved.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's flings at ECF Nos. 1, 6, and 7 are dismissed with leave to amend; and

2. Petitioner shall file an amended pleading within 30 days of the date of this order.

Dated: August 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE